IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03078-BNB

DARLENE GRIFFITH,
    Plaintiff,

v.

TOM CLEMENTS, C.D.O.C. Director,
D. SMELSER, Warden at C.C.C.F.,
LOUIS CABILING, M.D.,
JUDY BRIZENDINE, H.S.A.,
DOUG ROBERTS, P.P.M.U.,
CARMEN A. MEYER, R.N. at D.R.D.C.,
RAE TIMME, Warden of F.C.F.,
DOLORES MONTOYA, H.S.A. (Health Services Administrator),
RON WAGER, Associate Warden at Fremont Correctional Facility,
MAJOR T. FILER, Custody/Control Manager at Fremont Correctional Facility,
CLINICAL SERVICES, CHIEF MEDICAL OFFICER AND PERSONNEL,
    C.D.O.C. Headquarters,
ANTHONY A. DeCESARO, Grievance Officer, C.D.O.C. Headquarters Office,
JOHN/JANE DOE, Warden Kit Carson Correctional Facility,
MRS. J. GRAY, Health Services Admin. Kit Carson C.F.,
A. DAVIS, R.N. at Crowley County Correctional Facility (C.C.C.F.),
SMITH, F.C.F. Medical Dept. Personnel,
JOHN DOE, Assistant Warden (op) at C.C.C.F.,
JOHN DOE, Assistant Warden (spt) at C.C.C.F.,
JOHN DOE, Chief of Security at C.C.C.F.,
GENDER IDENTITY TREATMENT COMMITTEE, C.D.O.C. Headquarters,
AMY COSNER, AIC Designee, C.D.O.C. Headquarters,
JOHN DOE, P.P.M.U. at Kit Carson Correctional Facility,
JOHN DOE, Chief of Security at Kit Carson Correctional Facility,
JOHN DOE, M.D., Medical Personnel at La Vista Correctional Facility,
JANE DOE, P.A., Medical Personnel at La Vista Correctional Facility,
JANE DOE, R.N., Medical Personnel at La Vista Correctional Facility,
JANE DOE/JOHN DOE, Medical Personnel at La Vista Correctional Facility,
JANE DOE, Warden at La Vista Correctional Facility,
JOHN/JANE DOE, Assistant Warden at La Vista Correctional Facility,
JOHN/JANE DOE, Custody/Control Manager at La Vista Correctional Facility,
JOHN/JANE DOE, Major of Security at La Vista Correctional Facility,
JOHN/JANE DOE, Medical Director at La Vista Correctional Facility,
JOHN/JANE DOE, Chief of Security at La Vista Correctional Facility, and
MRS. TORRES, Registered Nurse at Fremont Correctional Facility,
    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Darlene Griffith, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Ms. Griffith filed *pro se* a prisoner complaint pursuant to 42 U.S.C. § 1983. She asks for money damages and declaratory and injunctive relief. She has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe Ms. Griffith's filings liberally because she is representing herself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Griffith will be directed to file an amended complaint.

Ms. Griffith asserts one claim that the defendants are being deliberately indifferent to her serious medical needs in violation of her Eighth Amendment rights by failing to provide her with prescribed hormone treatment.

Ms. Griffith's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV*

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Ms. Griffith to state a claim in federal court, her "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Ms. Griffith fails to set forth a short and plain statement of her claims showing that she is entitled to relief. The fifty-five-page complaint, including attachments, is unnecessarily wordy, repetitive, and vague. Reviewing the attached documents submitted by Ms. Griffith to determine what claims and specific facts she intends to raise in this action is not a judicial function. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Ms. Griffith will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. It is Ms. Griffith's responsibility to present her claims

in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The amended complaint must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

In the amended complaint she will be directed to file, Ms. Griffith must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Ms. Griffith must name and show how the named defendants caused a deprivation of her federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Ms. Griffith may use fictitious names, such as "John or Jane Doe," if she does not know the real names of the individuals who allegedly violated her rights. However, if Ms. Griffith uses fictitious names she must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Ms. Griffith, therefore, will be directed to file an amended complaint on the Court-approved complaint form that asserts her claims clearly and concisely, alleges what

4

rights were violated, and provides specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Darlene Griffith, file within thirty days from the date of this order an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that Ms. Griffith shall obtain the Court-approved Prisoner Complaint form (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Ms. Griffith fails to file an amended complaint that complies with this order within the time allowed, the Court will dismiss the complaint and the action without further notice.

DATED January 31, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge