IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-03078-CMA-BNB

DARLENE GRIFFITH,

Plaintiff,

v.

CARMAN A. MEYER, R.N.,
LOUIS CABILING, M.D.,
JUDY BRIZENDINE, H.S.A.,
DOUG ROBERTS, P.P.M.U.,
MS. J. GRAY, H.S.A,
JOHN DOE, M.D.,
MS. TORRES, R.N., and
CHEIF [sic] MEDICAL OFFICER,

Defendants.

_____

**ORDER**
_____

This matter arises on the following papers filed by the plaintiff:

1. **Motion for Leave to Amend Complaint** [Doc. #27, filed 06/14/2012] (the "Motion to Amend");

2. **Motion for Appointment of Counsel** [Doc. #35, filed 07/03/2012]; and

3. A letter addressed to me [Doc. #34, filed 07/03/2012] (the "Letter").

**Motion to Amend**

The plaintiff filed her Amended Prisoner Complaint [Doc. #6] (the "Amended Complaint") on February 27, 2012. She seeks to supplement her Amended Complaint to add defendants. She also seeks to "change her complaint to a deleberate indifference to serious

medial needs with inaduqate medical care."[1]  She does not attach to her Motion a copy of the proposed second amended complaint.

Rule 15, Fed.R.Civ.P., provides that a complaint may be amended once as a matter of course within 21 days after serving it or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed.R.Civ.P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Id. at 15(a)(2).

The defendants served a motion under Rule 12(b) on May 18, 2012 [Doc. #18].  Therefore, the plaintiff must either obtain consent from the defendants or file a motion seeking leave of court to amend her Amended Complaint.  A motion to amend must detail the proposed amendments and the reasons why such amendments are necessary.  In addition, the plaintiff must attach the proposed amended complaint to the motion.  She may not amend her Amended Complaint by filing piecemeal amendments and supplements.  The plaintiff may not incorporate by reference her original Complaint or her Amended Complaint into the second amended complaint.  The proposed second amended complaint must stand alone; it must contain all of the plaintiff's claims.  Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007) (stating that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

The Motion to Amend is denied without prejudice subject to compliance with this order.

---

[1] I have quoted the plaintiff's filings as written, without correction or acknowledgment of error.

2

### Motion for Appointment of Counsel

The plaintiff seeks appointment of counsel to represent her in this matter. The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 in a prisoner's civil rights case. Counsel cannot be appointed and paid pursuant to 28 U.S.C. § 1915(e)(1) for this type of case. I do, however, have broad discretion to direct the Clerk of the Court to attempt to obtain volunteer counsel for a plaintiff in a civil case. See DiCesare v. Stuart, 12 F.3d 973, 979 (10th Cir. 1993). In making this decision, I consider the following factors: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of legal issues raised by the claims. See Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995).

Here, the plaintiff's Amended Complaint adequately presents her claims. The factual and legal issues raised by the plaintiff's claims are not complex. It is too early in the proceedings to determine whether the plaintiff's chances of succeeding on the merits are strong. Consequently, the Motion for Appointment of Counsel is denied.

### The Letter

In her Letter, the plaintiff seeks an extension of time to file a typed response to the defendants' motion to dismiss [Doc. #18] or, in the alternative, she asks the court to accept her handwritten responses [Docs. #32 and #33]. The plaintiff's request to accept her handwritten responses is granted. However, the Letter suffers from many deficiencies.

"A request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). The plaintiff may not seek a court order through letters or notices. All requests must be made in the form of a motion, and the request must be titled as a motion.

The plaintiff does not certify that she served a copy of the Letter, the Motion for Counsel, or the Motion to Amend on counsel for the defendants.  Copies of papers filed in this court must be served on counsel for all other parties (or directly on any party acting *pro se*) in compliance with Fed. R. Civ. P. 5.  Rule 5 provides that all pleadings filed after the original complaint and all written motions, notices, demands, or any similar paper must be served on every party.  Fed. R. Civ. P. 5(a).  "If a party is represented by an attorney, service under this rule must be made on the attorney . . . ."  Fed. R. Civ. P. 5(b).  Service upon other parties may be by mail.  Id.  Proof that service has been made is provided by a certificate of service.  Id. at 5(d).  This certificate should be filed along with the original papers and should show the day and manner of service.  Id.

Finally, the Letter is addressed to me.  The local rules of this Court prohibit ex parte communication with judicial officers:

> In the absence of previous authorization, no attorney or party to any proceeding shall send letters, pleadings or other papers or copies directly to a judicial officer.  Unless otherwise instructed, all matters to be called to a judicial officer's attention shall be submitted through the clerk, with copies served on all other parties or their attorneys.

D.C.COLO.LCivR 77.2.

IT IS ORDERED:

1.  The Motion to Amend [Doc. #27] is DENIED WITHOUT PREJUDICE, subject to compliance with this order;

2.  The Motion for Appointment of Counsel [Doc. #35] is DENIED;

3.  The plaintiff's request [Doc. #34] to accept her handwritten responses to the defendants' motion to dismiss is GRANTED;

4. All future applications to the court for relief shall be submitted in the form of a motion in compliance with Rule 7; and

5. All papers shall be served on counsel for the defendants in accordance with Rule 5 and shall be accompanied by a proper Certificate of Service.

Dated July 10, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge