IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-03078-CMA-BNB

DARLENE GRIFFITH,

Plaintiff,

v.

CARMAN A. MEYER, R.N.,
LOUIS CABILING, M.D.,
JUDY BRIZENDINE, H.S.A.,
DOUG ROBERTS, P.P.M.U.,
MS. J. GRAY, H.S.A,
JOHN DOE, M.D.,
MS. TORRES, R.N., and
CHIEF [sic] MEDICAL OFFICER,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the following:

1.   **Plaintiff's Motion for Temporary Restraining Order and Prospective Injunctive**

**Relief Pursuant to § 18 U.S.C. 3626(a)(2) and (b)(1)** [Doc. #46, filed 08/27/2012] (the "First

Motion"); and

2.   Plaintiff's **Motion for Defendants to Show Cause and Motion for Restraining**

**Order to Defendants to Return the Plaintiff's Third Amended Complaint** [Doc. #50, filed

09/07/2012] (the "Second Motion").

I respectfully RECOMMEND that the Motions be DENIED.

The plaintiff is proceeding *pro se*, and I must liberally construe her pleadings.  Haines v.

Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however,

who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff is a transgendered inmate currently incarcerated by the Colorado Department of Corrections ("DOC") at the Colorado Territorial Correctional Facility ("CTCF"). She filed this action pursuant to 42 U.S.C. § 1983 alleging that the defendants violated the Eighth Amendment when they discontinued her hormone replacement therapy.

In her First Motion, the plaintiff requests (1) an order "to prevent the defendants from denying her copies of the pleadings in her civil rights complaint based upon her indigency," and (2) an order requiring the defendants to continue her hormone treatments.

The plaintiff's request regarding copies is not related to the allegations of her Complaint. The plaintiff may not use this action to seek an injunction concerning events and defendants that are unrelated to matters asserted in the Complaint.  If the plaintiff wishes to assert a claim for injunctive relief regarding unrelated events and defendants, she must (after exhausting available administrative remedies) either file a separate action raising those issues or seek leave to amend the complaint in this action to include those claims.

Moreover, the plaintiff does not allege that she has been denied copies; she merely states that it is inevitable that she will exceed her $500.00 credit allowance for copies and that the defendants then will refuse to provide copies.  Injunctive relief, however, is issued "to prevent existing or presently threatened injuries."  Connecticut v. Massachusetts, 282 U.S. 660, 674 (1931).  Such relief "will not be granted against something merely feared as liable to occur at some indefinite time in the future."  Id.  The plaintiff does not state how much money she has used for copies; she states only that her overall inmate account is over $400.00 in arrears.  The

defendants state that the $500.00 copy credit limit is not based on the plaintiff's overall inmate

account; it applies only to the plaintiff's copy costs; the plaintiff has used only $252.75 in copy

costs; and the DOC has not initiated any process to limit her photocopying. The plaintiff should

have attempted to clarify the facts prior to burdening this court with her request for injunctive

relief--and prior to incurring the copy fees necessary to file this frivolous request for injunctive

relief.

The plaintiff also seeks "an order to the defendants to continue her hormone treatments to

prevent irreversible physical harm." *First Motion*, p. 1. The plaintiff seeks both a temporary

restraining order and a preliminary injunction. Id. Where the opposing party has notice, as here,

"the procedure and standards for issuance of a temporary restraining order mirror those for a

preliminary injunction." Emmis Communications Corp. v. Media Strategies, Inc., 2001 WL

111229, *2 (D. Colo. Jan. 23, 2001).

Injunctive relief is a drastic remedy and is granted only in cases where the right to relief

is clearly established. Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964). The burden is on

the movant to establish her right to the relief requested. Penn v. San Juan Hospital, Inc., 528

F.2d 1181, 1185 (10th Cir. 1975). To obtain a preliminary injunction under Rule 65(a), the

plaintiff must show that (1) she will suffer irreparable injury unless the injunction issues; (2) the

threatened injury to the moving party outweighs whatever damage the proposed injunction may

cause the opposing party; (3) the injunction, if issued, would not be adverse to the public

interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on

the merits. Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980). The plaintiff's right to relief

must be clear and unequivocal. Penn, 528 F.2d at 1185.

The following kinds of preliminary injunctions are disfavored: (1) those that disturb the status quo; (2) those that are mandatory as opposed to prohibitory; and (3) those that afford the movant substantially all the relief he may recover at the conclusion of a full trial on the merits. SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096 1098-99 (10th Cir. 1991). "[A]ny preliminary injunction fitting within one of the disfavored categories must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 975 (10th Cir. 2004). The plaintiff seeks both a mandatory injunction and an injunction that would disturb the status quo.[1] Therefore, she "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of the harms." Id. at 976.

The plaintiff does not provide any meaningful discussion regarding the likelihood of success on the merits and the balance of harms. Consequently, she has not sustained her burden to establish clearly and unequivocally her right to injunctive relief.

Moreover, the evidence provided by the plaintiff to support her claim of irreparable harm is vague and conclusory. *Affidavit of Darlene Griffith*, [Doc. #45]. She declares that discontinuing the medication regimen she was prescribed before incarceration and placing her on different medications has caused "unnecessary and wanton infliction of pain." Id. at p. 2.

---

[1]Mandatory injunctions "affirmatively require the nonmovant to act in a particular way." SCFC, 936 F.2d at 1099. Injunctions that disturb the status quo alter the parties existing relationship. Id. at 1100. "The status quo is not defined by the parties' existing *legal rights*; it is defined by the *reality* of the existing status and relationships between the parties, regardless of whether the existing status and relationships may ultimately be found to be in accord or not in accord with the parties' legal rights." Id. (emphasis in original).

The defendants' evidence, however, shows that the plaintiff has been provided continuous and clinically appropriate hormone replacement throughout her incarceration. *Colorado Department of Corrections Defendants' Response to Plaintiff's Motion for "Temporary Restraining Order and Prospective Injunctive Relief"* [Doc. #57], Ex. A-1.  The Chief Medical Officer for the DOC attests that the plaintiff was evaluated on entry to the DOC; the medical provider contacted the plaintiff's previous pharmacy to ascertain the plaintiff's past medications; the provider researched estrogen use for transgendered individuals; the plaintiff was prescribed the preferred treatment regimen; the plaintiff has been evaluated and monitored regularly; and the plaintiff has not consistently complied with the treatment regimen.  Id.

The plaintiff has failed to establish that she is entitled to injunctive relief regarding her hormone replacement therapy.  Accordingly, the First Motion should be denied.

In her Second Motion, the plaintiff states that the defendants confiscated her Third Amended Complaint.  She requests an order directing the defendants to return the Third Amended Complaint.  She further requests an extension of time to file a Third Amended Complaint.[2]  Finally, she requests that the court order the defendants to "stop denying her legal help from fellow prisoners," but she does not provide any factual basis for this request.

The plaintiff states that on August 10, 2012, the court granted her motion for an extension of time until September 13, 2012, to file a Third Amended Complaint.  *Second Motion*, ¶ 1.  However, the plaintiff requested and received an extension of time to respond to the

---

[2]At the time she filed the Second Motion, the plaintiff had filed an initial Complaint [Doc. #1] and a First Amended Complaint [Doc. #2].  Therefore, it appears that she was drafting a proposed second amended complaint rather than a proposed third amended complaint.

defendants' motion to dismiss.  [Docs. ##42 and 44].  She did not request or receive an extension of time until September 13, 2012, to file a Third Amended Complaint.

The plaintiff further states that Sgt. Boykin confiscated her Third Amended Complaint at CTCF.  She "moves the court for assistance in having her Third Amended Complaint returned to her file with the court on or before Sept. 13, 2012."  *Second Motion*, ¶¶ 2-3.  On September 13, 2012, the plaintiff filed a motion for leave to file an amended complaint. [Doc. #53].  By separate order, I have permitted the plaintiff to file the proposed second amended complaint. Therefore, the plaintiff's motion for injunctive relief is moot.  The motion also is inappropriate because it is directed at an event and an individual that are unrelated to the allegations of the Complaint.  Finally, the motion is frivolous because the plaintiff was not operating under a deadline to file an amended complaint.

I respectfully RECOMMEND that the First Motion [Doc. #46] and the Second Motion [Doc. #50] be DENIED.[3]

---

[3]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated November 7, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge