IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-03078-CMA-BNB

DARLENE GRIFFITH,

Plaintiff,

v.

CARMEN A MEYER, N.P.,
PAULA FRANTZ, chief medical officer,
LOUIS CABILING, M.D.,
JUDY BRIZENDINE, H.S.A.,
DIANE TORRES, N.P.,
THOMAS L. PULK, M.D.,
HOPE C. BEATTE, PHD,
STEVEN GALLEGOS, P.A.
SUSAN TIONA, M.D.,
ROY HAVENS, P.A., and
ERICA WILSON, pharmacist,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on a paper filed by the plaintiff titled **Entry** [sic] **of Default** [Doc. #81, filed 12/20/2012] (the "Motion for Default").  The plaintiff seeks entry of default and default judgment against defendants Pulk, Beatte, Gallegos, Tiona, Havens, Wilson, Cabiling, and Brizendine.  I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff is currently incarcerated by the Colorado Department of Corrections ("DOC").  She filed her initial Prisoner Complaint on November 25, 2011 [Doc. #1].  Pursuant to the court's order [Doc. #5], the plaintiff filed an Amended Prisoner Complaint on February 27, 2012 [Doc. #6].  The Amended Prisoner Complaint named as defendants Carmen Meyer;

Louis Cabiling; Judy Brizendine; Doug Roberts; J. Gray; Ms. Torres; John Doe, M.D.; and John/Jane Doe, Chief Medical Officer.

On April 5, 2012, the court served a copy of a request for waiver of service on Keith Nordell for service of process on Carmen A. Meyer, John Doe Medical Doctor, Ms. Torres, and John/Jane Doe Chief Medical Officer; to Lucy Hernandez for service of process on Louis Cabiling , Judy Brizendine, and Doug Roberts; and to Judy Fuchs for service of process on Ms. J. Gray [Doc. #12].  On April 9, 2012, Teresa Reynolds, DOC Legal Services Group Leader, waived service for defendants Meyer, Torres, Roberts, and Dr. Paula Frantz, Chief Medical Officer [Doc. #13].  On April 16, 2012, Andrew Ringel, Esq., waived service for defendants Cabiling, Brizendine, and Gray.  Under the Federal Rules of Civil Procedure, these defendants were required to answer the Amended Prisoner Complaint within 60 days after the request for waiver was sent, or by June 4, 2012.  Fed. R. Civ. P. 12(a)(1)(A)(ii).

Defendants Brizendine, Cabiling, and Gray timely filed a motion to dismiss on May 18, 2012 [Doc. #18].[1]  On June 11, 2012, the court granted defendants Meyer, Roberts, Torres, and Frantz an extension of time until July 13, 2012, to answer or otherwise respond to the Amended Prisoner Complaint [Doc. #26].  These defendants timely filed their motion to dismiss pursuant to Rule 12(b) on July 12, 2012 [Doc. #38].

On November 7, 2012, the court granted [Doc. #68] the plaintiff's motion to file a Second Amended Complaint, and the motions to dismiss were denied without prejudice [Doc. #71].  Under Rule 15(a)(3), the existing defendants were required to answer the Second

---

[1]Because the motion to dismiss asserts defenses under Rule 12(b), the defendants are required to file it prior to filing an answer.  Fed. R. Civ. P. 12(b).

Amended Complaint within 14 days, or before November 21, 2012.  Because the court's order was served on the defendants electronically, the time to answer was extended 3 days, or until November 24, 2012.  Fed. R. Civ. P. 6(d).  Because November 24, 2012, was a Saturday, the answer deadline was extended to the following Monday, November 26, 2012.

The Second Amended Complaint named as defendants Carmen Meyer; Paula Frantz; Louis Cabiling; Judy Brizendine; Diane Torres; Thomas Pulk; Hope Beatte; Steven Gallegos; Susan Tiona; Roy Havens; and Erica Wilson.  Defendants Frantz, Meyer, and Torres filed a motion to dismiss on November 23, 2012 [Doc. #72].  Defendants Brizendine and Cabiling filed a motion to dismiss on November 26, 2012 [Doc. #75].  Both motions asserted defenses under Rule 12(b), and are therefore properly filed prior to an answer.  Accordingly, defendants Frantz, Meyer, Torres, Brizendine, and Cabiling are not in default and are not subject to a default judgment.

Newly added defendants Thomas Pulk, Hope Beatte, Steven Gallegos, Susan Tiona, Roy Havens, and Erica Wilson have not yet been served with process.  Therefore, the newly added defendants are not in default and are not subject to a default judgment.  Separately, I have ordered the United States Marshal to serve these defendants.

I respectfully RECOMMEND that the plaintiff's Motion for Default [Doc. #81] be

DENIED.[2]

Dated February 12, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[2]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).